## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CARLOS PENATE, VICTOR LEMUS, FOR AND ON BEHALF OF THEMSELVES AND OTHER PERSONS SIMILARLY SITUATED, | CIVIL ACTION FILE NO.: _____ |
| **Plaintiffs,** | JURY TRIAL DEMANDED |
| vs. | |
| COEXPORT, INC., AND PAULO ARMAS, | |
| **Defendants.** | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

COME NOW Plaintiffs Carlos Penate and Victor Lemus, for and on behalf of themselves and other persons similarly situated (collectively, "Plaintiffs") in their complaint against Defendants Coexport, Inc. and Paulo Armas (hereinafter collectively "Coexport") and show the Court as follows:

## THE PARTIES  AND JURISDICTION AND VENUE

1.

This is an action arising out of the Fair Labor Standards Act 29 U.S.C. §§ 201-216.  Plaintiffs are all residents of the state of Georgia and are all former

employees of Coexport, who was the FLSA employer of Plaintiffs for the relevant period of time.   Plaintiffs served in the capacity of a warehouse worker and were paid an hourly amount of $11.00 per hour.  Plaintiffs bring this action to recover from Defendants; unpaid regular time compensation, overtime compensation, liquidated damages, attorneys' fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 216(b), (the "Act" or "the FLSA"), and pursuant to Georgia state law as described below.

2.

Plaintiffs bring these FLSA claims as an "opt-in" collective action pursuant to 29 U.S.C. 216(b), and seek relief on a collective basis challenging, among other things, Defendants' failure to pay overtime and failing to pay employees for all hours worked.  Plaintiffs hereby consent to be part of this action and name parties in the collective action.

3.

Between the commencement of Plaintiffs' employment through the termination of their employment, Plaintiffs Penate and Lemus worked an average of at least 50 hours per week for the Defendants but were never paid overtime wages for any hours worked in excess of 40 hours weekly as required by the Fair Labor Standards Act.

4.

The class of employees on behalf of whom Plaintiffs bring this "opt-in" collective action are similarly situated because they are non-union, hourly employees who have been or are employed in positions similar to those of the individually named Plaintiffs, and were subject to the same or similar unlawful practices as the individually named plaintiffs.  The number and identity of other Plaintiffs yet to opt in and consent to be party plaintiffs may be determined from the records of Defendants, and potential plaintiffs may easily and quickly be notified of the pendency of this action.

5.

At all times relevant hereto, Coexport was and is a Georgia corporation doing business in this judicial district and with its principal place of business in Georgia and doing business in this judicial district at 1690 Enterprise Way, Suite C, Marietta, Ga. 30067.  The individual Defendant Armas is a corporate officer and/or owner of the Defendants Corporation who runs the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period.  Defendants are subject to actions of this kind and nature and may be served by Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service.

6.

Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials that they packed or loaded for transport on a constant and/or continual basis moved through interstate commerce prior to and/or subsequent to Plaintiffs' work with same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants. Additionally, upon information and belief, the Defendants Corporations grossed over $500,000 annually for the relevant time period.   As such, Defendants are an employer under the FLSA, 29 USC 203.

7.

This Court has original jurisdiction based upon the Plaintiffs' claims, based upon the Plaintiffs' FLSA allegations, and pursuant to 28 U.S.C. §1331 and 1337. Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c).

## COLLECTIVE ACTION ALLEGATIONS

8.

The wages of all hourly employees were altered by Defendants so that they would not reflect any overtime.  Defendants also indicated that they "refused" to pay overtime.  Defendants and its managers would yell at employees and threaten to retaliate against employees who asked to be paid overtime.  Defendants never paid overtime to hourly, nonexempt warehouse employees despite the fact that many regularly worked more than forty (40) hours per week.

9.

As a result of Defendants' stated policy not to pay overtime, all hourly warehouse employees were, at times, required to work uncompensated "off the clock."

10.

Relatedly, for many hourly warehouse employees, the actual number of hours reported to Defendants' payroll company was falsely reported as less than the number of hours worked by those employees.

11.

Whenever hourly employees would inquire about the hours reported differences, hourly warehouse employees were yelled at and/or not allowed to see

or keep proof of their hours worked from the time clock.  Defendants failed to comply with the payroll record-keeping requirements of the FLSA, specifically 29 U.S.C. § 211(c).

12.

Defendants have previously defended FLSA claims against them and are well aware of their obligations under the FLSA.  Accordingly, Defendants have willfully violated the FLSA, 29 U.S.C. 201 et. seq.

13.

Upon information and belief, Defendants have in some cases, retaliated against individuals who opposed these unlawful wage and hour practices.

## <u>COUNT I – FLSA VIOLATIONS</u>

14.

Plaintiffs re-allege paragraphs 1-13 and incorporate them by reference to this count.

15.

Defendants' policies as stated above have caused Plaintiffs to be deprived of wages due them.

16.

Defendants' policies as stated above constitute a violation of the FLSA, 29 U.S.C. 206, requiring a minimum wage to be paid for all hours worked, and the regulations promulgated thereunder by the Department of Labor, 29 C.F.R. 785.

17.

Under 29 U.S.C. 216(b), Defendants are liable to Plaintiffs in the amount of their unpaid wages, an additional amount as liquidated damages, and their reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

a.      A trial by jury pursuant to Fed. R. Civ. P. 38(b);

b.      An award of past due wages for each Plaintiff, together with interest thereon;

c.      That the Court award Plaintiffs liquidated damages, together with interest thereon;

d.      That this Court issue a permanent injunction against Defendants, prohibiting Defendants from further acting in violation of the FLSA;

e.     That is this Court award Plaintiffs their reasonable attorneys' fees and expenses of litigation;

f.     That Plaintiffs be awarded prejudgment interest and their costs and disbursements herein;

g.     That Defendants are jointly and severally liable for the awarded amounts;

g.     That additional applicable former employees of Defendants be permitted to join this suit by appropriate opt-in; and

h.     That Plaintiffs be awarded compensatory, punitive damages and attorneys' fees and expenses of litigation for the violations of state law alleged herein.

i.     Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

This 26th day of March, 2012.

Respectfully submitted,

By: /s/ Douglas R. Kertscher
     Douglas R. Kertscher
     Georgia State Bar No. 416265

HILL,KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, GA  30339
Telephone:  770-953-0995
Facsimile:  770-953-1358
Email:        drk@hkw-law.com
Attorney for Plaintiffs

## <u>CERTIFICATION UNDER L.R. 7.1D</u>

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Defendants hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 26th day of March, 2012.

Respectfully submitted,


By: /s/ Douglas R. Kertscher
    Douglas R. Kertscher
    Georgia State Bar No. 416265

HILL,KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, GA  30339
Telephone:  770-953-0995
Facsimile:  770-953-1358
Email:      drk@hkw-law.com
Attorney for Plaintiffs